IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VAUGHN J. COLEMAN, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 05-6408 |
| AMERIPRISE FINANCIAL | : | |
| SERVICES, INC., et al. | : | |

## ORDER-MEMORANDUM

AND NOW, this 5th day of July, 2007, "Defendants' Motion to Strike Plaintiffs' Demand for a Jury Trial" is granted.[1]

This is a race discrimination case. In December 1999, defendant AEFA presented each of its financial advisors with the alternatives of either becoming an employee or an independent contractor/franchisee. At that time, plaintiffs were already employed by AEFA as "Personal Financial Advisors." Defendants' motion, Exhibits "A," "B," and "C." Those who chose to become employees signed a "Financial Advisor's Agreement," which did not include a jury waiver (Exhibit "F"); those who chose to become independent contractors signed an "Independent Advisor Business Franchise Agreement," which includes a jury waiver (Exhibit "G"). Plaintiffs elected to become independent contractors and signed the agreement that contained the waiver.[2]

Defendants move to have plaintiffs' jury demand stricken based on contractual waiver.

---

[1] Plaintiffs are Vaughn J. Coleman, Aida Gonzalez, and Ryan Starks. Defendants are Ameriprise Financial Services, Inc., American Express Financial Advisors, Inc., and American Express Company.

[2] Gonzalez initially chose to become an employee, and later chose to become an independent contractor. Gonzalez N.T. at 125, 126, Exhibit "P."

While the right to a jury trial is guaranteed by the Seventh Amendment, it can be contractually waived if the waiver is knowing and voluntary. Aamco v. Marino, 1990 WL 10024, at *1 (E.D. Pa., Feb. 7, 1990), citing Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1936). "The United States Court of Appeals for the Third Circuit has not yet determined whether the movant or the opposing party bears the burden of proving the waiver of the right to a jury trial, and other circuits are split on this issue." Bishop v. GNC Franchising, LLC, 2006 WL 2266251, at *1 (W.D. Pa., Jan 13, 2006) (citations omitted).

To determine whether a plaintiff's waiver of the right to a jury trial is knowing and voluntary, the following may be considered: "(1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the clause containing the waiver was inconspicuous; and (4) whether the opposing party had an opportunity to negotiate contract terms." Id., citing Hydramar, Inc. v. Genernal Dynamics Corp., 1989 WL 159267 (E.D. Pa. 1989). Here, these factors favor enforcement of the waiver:[3]

(1) and (2). At the time they executed the agreements, each plaintiff had a college degree and had prior work experience in the financial industry. This evidence relates to the disparity in bargaining power between the parties, which, given plaintiffs' education and business experience, cannot be said to be "gross." Cottman Transmission Systems v. Melody, 1994 WL 702913, at *2 (E.D. Pa., Dec. 13, 1994). See also plaintiffs' resumes, Exhibits "N," "P," and "Q."

---

[3] The evidence of record submitted by defendants consists of the agreements signed by each plaintiff, together with the deposition transcripts and resume of each plaintiff.

(3) and (4). Although the terms of the agreement were not negotiable, according to their deposition testimony, each plaintiff read the agreement, was aware of and understood the contents, and declined the opportunity to consult counsel before signing. Each testified that they decided to sign of their own free will. At the time of signing, each understood that they could choose to become an employee rather than an independent contractor (thereby retaining their right to a jury trial in the event of an employment dispute), or could seek employment elsewhere. In other words, the contract was not one of adhesion. That its terms were not negotiable should not be given significant weight. Id.

As to whether the waiver provision was so inconspicuous that enforcement would be inequitable, its font is the same as the rest of the agreement and it is set off by a bullet. It states that both parties "irrevocably waive trial by jury." Exhibit "G," at 34.

Accordingly, the demand for jury trial is ordered stricken.

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.