IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VAUGHN J. COLEMAN, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 05-6408 |
| AMERIPRISE FINANCIAL | : | |
| SERVICES, INC., et al. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                     September 28, 2009

In December, 2005, plaintiffs commenced this employment discrimination case. Following the close of discovery, defendants moved for summary judgment. On September 26, 2008, summary judgment was granted in favor of defendants and against plaintiffs. Plaintiffs did not appeal.

On November 11, 2008, defendants filed a Bill of Costs requesting the Clerk of Court to tax costs against plaintiffs in the amount of $35,415.10. Docket no. 59. Plaintiffs opposed the Bill of Costs. On January 12, 2009, the Clerk of Court entered judgment in favor of defendants and against plaintiffs in the requested amount of $35,415.10. Docket no. 63. Plaintiffs appeal entry of judgment in that amount.

"The taxation of costs by the clerk of the court is subject to de novo review." Adams v. Teamsters Local, – F.2d –, 2007 WL 2071897, at *6 (E.D. Pa., filed July 17, 2007) (citations omitted). "Rule 54(d) creates a presumption that prevailing parties are entitled to costs. . . . The losing party, therefore, bears the burden of showing why costs should not be taxed against it." Id., at *7 (citations omitted). Here, plaintiffs do not satisfy their burden.

Approximately one-half of the costs taxed ($17,557.13) derive from court reporter fees including deposition transcripts. Defendants' Bill of Costs, docket no. 59. Plaintiffs argue (1) because the case was decided on summary judgment, defendants may recover only the costs associated with the transcripts reviewed by the court in arriving at summary judgment, and (2) only the depositions of the three plaintiffs were cited by Ameriprise in its motion for summary judgment. Therefore, according to plaintiff, costs associated with the 19 remaining depositions are not recoverable. Plaintiff is incorrect.

Costs for deposition transcripts are recoverable if the transcripts are "necessarily obtained." Fitchett v. Stroehmann Bakeries, Inc., 1996 WL 47977, *3 (E.D. Pa., filed Feb. 5, 1996) (citations omitted). In general, a transcript need not be "absolutely indispensable," but simply "reasonably necessary;" necessity is determined at the time of the deposition, not in light of later developments in the case that may make the transcript unnecessary; and a transcript may not have been obtained merely for the convenience of the deposing attorney. Id. (citations omitted). "Depositions used in support of a motion for summary judgment are necessarily obtained for use in a case." Id. at *4.

Here, the transcripts of ten of the twelve fact witnesses deposed in the course of discovery were relied upon by the court in deciding defendants' summary judgment motions.[1] The testimony

---

[1] These include the depositions of the three plaintiffs: Vaughn J. Coleman, Aida C. Gonzalez, and Ryan Starks; five individuals involved with compliance supervision of Coleman: Amy Anderson, Jacqueline Herzog, C. Andrew Peterson, R. Earnest Howard, and Michael Meixner; a supervisor who allegedly made race-based comments: Donald Weaver; and a witness to the discriminatory comments: James Brignall. Two additional fact witnesses were deposed: an employee of defendant identified in the amended complaint as having provided "express assurances" to Coleman regarding Coleman's purchase of Isaac Williams' practice: Lon Jury; and an individual identified in plaintiff Gonzalez answers to interrogatories as on who

was not duplicative. Taken as a whole, the testimony established that no genuine issue of material fact existed, permitting the entry of summary judgment. The costs associated with these transcripts are properly taxed. Plaintiffs make no specific argument as to why the depositions of Jury and Faverzani were not necessary. Given that plaintiffs identified these individuals as relevant to their claims, it was reasonably necessary for defendants to obtain their testimony, and the costs associated with their testimony is properly taxed.

Also deposed were plaintiff Coleman's three treating physicians, and plaintiff's economic damages expert. Liability and damages discovery were not bifurcated - all discovery was to be completed prior to the Rule 56 deadline. As noted, whether a transcript is reasonably necessary is determined at the time the deposition is taken. At the time these depositions were completed, defendants had no way of knowing that they would not be necessary to disprove plaintiffs' claimed damages at trial. As such, they were reasonably necessary, and the costs for these depositions are properly taxed.

Plaintiffs contend that charges for a deposition by video-conference should not be permitted. However, defendants counter that the deposition of Robert Weinman, plaintiff's liability expert, was completed by video-conference for the convenience of plaintiffs and the witness. The witness, a California resident, was unable to sit for the time period permitted under Fed. R. Civ. P. 30(d)(1) because he had an early afternoon flight home. The continued deposition was completed by video-conference so that Mr. Weidman would not be required to travel to

---

discriminated against her: Frank Faverzani.

3

Philadelphia again. Defendants' memorandum, 8-9 (docket no. 65). Though the costs for video-conferencing arranged for the convenience of the party seeking costs would be properly denied. However, here, the costs appear to have been incurred for the convenience of the party opposing the costs. As a result, the costs are properly taxed.

Plaintiffs also object to $4,535.85 in photocopying costs incurred by Ameriprise and related to its production of documents to plaintiffs. See Bill of Costs, p. 4-6, items (a)-(r) and n.1. Plaintiffs argue that defendants do not provide evidence of what was copied, whether it was related to trial preparation, or whether it was produced. Defendant counters that the Bill of Costs specifies the number of pages produced to plaintiffs with each discovery response, and that copies of the responses are attached as exhibits to the Bill of Costs. "Generally, under 28 U.S.C. § 1920(4), courts have regarded costs incurred for production of documentary evidence as recoverable." Second and Ashbourne Associates v. Cheltenham Twp., 1991 WL 9356, at *2 (E.D. Pa., filed Jan. 28, 1991) (citations omitted). The supporting materials provided by defendant are detailed enough to support the request for costs, and the costs are properly taxed.

                        BY THE COURT:

                        /s/ Edmund V. Ludwig
                        Edmund V. Ludwig, J.